**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Robert Daniel Everett Gould, Jr.** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Brenda Jean Gould** | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the District of Idaho

Case number: **19-40182-JMM**

☑ Check if this is an amended plan, and list below the sections of that plan that have been changed.
3.1, 3.6, 8.1

# Third Amended Idaho Form Chapter 13 Plan                                1/19

## Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney. If you do not have one, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the bankruptcy court. The bankruptcy court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters are of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☑ Included | ☐ Not included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest, set out in Section 3.4.** | ☐ Included | ☑ Not included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not included |
| 1.4 | **Discharge: Debtor 1 is eligible for discharge of debts** | ☑ Eligible | ☐ Not eligible |
| | **Discharge: Debtor 2 is eligible for discharge of debts** | ☑ Eligible | ☐ Not eligible |

## Part 2: Plan Payments and Length of Plan

2.1 **No later than thirty (30) days after the date the bankruptcy petition is filed or the case converted to Chapter 13, debtor(s) will commence making regular payments to the trustee as follows:  $450 per Month for 60 months**
The Applicable Commitment Period is **36** months. Debtor(s) may not pay off this plan in less than the term of the plan without notice to interested parties and an opportunity for hearing before the court unless the plan pays all allowed unsecured claims in full.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**
*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
Debtor(s) acknowledge that if the debtor(s) is/are ever more than thirty (30) days delinquent on any payment due under this Section 2.1, upon request of the trustee, or request of the debtor(s) at any time, a payroll deduction order to debtor(s)' employer may immediately be issued.

2.3 **Income tax refunds.**
*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.
☑ Debtor(s) project income tax refunds during the term of this plan. During the Applicable Commitment Period, debtor(s) will turn over to trustee all net income tax refunds. At any time during the term of the plan, debtor(s) shall be entitled to use a tax refund to pay taxes due any other income taxing authority and/or reasonable tax return preparation fees, unless already budgeted. Upon a stipulation between the trustee and the debtor(s), approved by an order of the court, the debtor(s) may retain, in whole or in part, certain net income tax refunds during the term of the plan to facilitate the terms of this plan or to meet other reasonable and necessary needs of the debtor(s).
☐ Debtor(s) will treat income tax refunds as follows:

2.4 **Additional payments.**
*Check one.*
☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The trustee, for cause, may defer not more than two monthly payments per calendar year and not more than four payments over the term of the plan, without further notice to parties or a hearing before the court.

### Part 3:  Treatment of Secured Claims

**3.1** **Maintenance of payments and cure of default, if any.**
*Check one*.
☑ **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**
*Check one.*
☐ **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below in equal monthly installments over the term of the plan.
The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.
The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:
(a) payment of the underlying debt determined under nonbankruptcy law, or
(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.
**For each creditor listed in this section 3.2 the debtor(s) will serve notice on such creditor as required in Bankruptcy Rule 7004 and file a proof of service with the court. Request for valuation of security in which creditors hold an interest must be made consistent with Rule 3012.**

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|
| Ace Financial | $2,840.29 | 2014 Honda Pilot | $14,725.00 | $0.00 | $2,840.29 | 5.00% | $3,215.96 |

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**
*Check one.*
☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** **Lien avoidance**.
*Check one.*
☑ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**
*Check one.*
☑ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6** **Adequate Protection Payments.**
*Check one*
☐ **None**. *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*
☑ No later than thirty (30) days after the date the bankruptcy petition is filed or the case converted to Chapter 13, the trustee shall commence making adequate protection payments on allowed claims to the following creditor(s) until confirmation.
☐ No later than thirty (30) days after the date the bankruptcy petition is filed or the case converted to Chapter 13, the debtor(s) shall commence making payments on allowed claims of secured creditors, in an amount sufficient to provide adequate protection, directly to the creditor(s) until confirmation. The payments made under this subsection shall reduce the amount owed under the plan. The debtor(s) shall timely provide the trustee evidence of such payments, including the amount and date of the payments.

| Name of creditor | Collateral | Adequate Protection Payment |
|---|---|---|
| Ace Financial | 2014 Honda Pilot | Per Plan |

**3.7** **Post-Petition Real Property Tax Payments.**
*Check one.*
☑ **None**. *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without post-petition interest.

**4.2 Trustee's fees**
Trustee's fees are governed and paid as provided by 28 U.S.C. § 586.

**4.3 Attorney's fees.**
*Check one.*

☐ Model Retention Agreement Cases
Debtor(s)' attorney has elected to charge a fixed fee pursuant to the Model Retention Agreement, Local Rule 2016, of $____ (not to exceed $4,000), exclusive of costs. Said attorney has received $____ prior to the filing hereof and is to be paid the remaining amount in monthly payments over the initial ____ months of distribution or in such longer period as is required to allow the trustee to make the set monthly installments as set forth in this plan.

☑ Non Model Retention Agreement Cases
Fees and costs to the debtor(s)' attorney in an amount to be proven and allowed by the court but not to exceed **$7,000.00**.
This is in addition to the fee retainer paid pre-petition in the amount of **$490**.
☐ a) payable in equal monthly installments over the initial ____ months of distribution, or in such longer period as is required to allow the trustee to make the set monthly installments.
☑ b) payable as funds become available.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**
*Check one.*

☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☐ The debtor(s) estimate the total amount of other priority claims to be **$0.00** payable in equal monthly installments over the term of the plan.
☑ The debtor(s) estimate the total amount of other priority claims to be **$121.00** payable as funds become available after set monthly installments pursuant to the plan are made..

**4.5 Domestic support obligations.**
*Check one.*

☐ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*
☑ The debtor(s) is/are current on domestic support obligations and will continue to make post-petition payments pursuant to the support order.
☐ Unsecured claims for domestic support obligations allowed under 11 U.S.C. § 507(a)(1)(A), which are estimated to be $____, shall be paid in equal monthly installments over the term of the plan. The debtor(s) will continue to make post-petition payments pursuant to the support order.
☐ Unsecured claims for domestic support obligations allowed under 11 U.S.C. § 507(a)(1)(B) shall be paid in equal monthly installments over the term of the plan. The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
| Dept of Health & Welfare | $0.00 |

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**
Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata from, the funds remaining after disbursements have been made to all other creditors provided for in this plan.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**
*Check one.*
☑ **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.**
*Check one.*
☑ **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**
*Check one.*
☑ **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1    Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
- [x] plan confirmation.
- [ ] entry of discharge.
- [ ] other: _____

### Part 8: Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**
- [ ] **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Idaho Form Chapter 13 Plan or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective unless noted in this Part 8.

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**Debtors will retain pro rata exempt portions of 2018 and 2019 tax refunds based on case filing date.**
**Pre-petition garnishment funds paid directly to Trustee may be treated as a payment toward plan payments.**
**Debtors, pursuant to Court order, are not treating the lien of Lois Rieke in any fashion.**

### Part 8: Signatures

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

X  **/s/ Robert Daniel Everett Gould, Jr.**          X  **/s/ Brenda Jean Gould**
   **Robert Daniel Everett Gould, Jr.**                 **Brenda Jean Gould**
   Signature of Debtor 1                                Signature of Debtor 2

   Date    **27 February 2020**                      Date    **27 February 2020**

X  **/s/ Paul Ross**                                  Date    **27 February 2020**
   **Paul Ross 8676**
   Signature of Debtor(s) Attorney

By filing this document, the Debtor(s), if not represented by an attorney, or debtor(s) attorney also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Idaho Form Chapter 13 Plan, other than any nonstandard provisions included in Part 8.